HCA 477/2015

## IN THE HIGH COURT OF THE

## HONG KONG SPECIAL ADMINISTRATIVE REGION

## COURT OF FIRST INSTANCE

## ACTION NO. 477 OF 2015

---

BETWEEN

| | |
|---|---|
| **BANCO DEL AUSTRO, S.A.** | **Plaintiff** |
| **AND** | |
| **REGAL PROSPER TRADING LIMITED** | **1st Defendant** |
| **MESTER TRADING CORPORATION CO., LIMITED** | **2nd Defendant** |
| **JGM ASIA TELECOM LIMITED** | **3rd Defendant (Discontinued)** |
| **JIUSHUN GROUP CO., LIMITED** | **4thDefendant** |

---

## STATEMENT OF CLAIM

---

1.     At all material times: -

(a)     The Plaintiff is an Ecuadorean bank holding accounts with several banks in the United States of America, including Wells Fargo Bank, N.A. ("**Wells Fargo**") and Citibank, N.A. ("**Citibank**");

1

(b)    The Plaintiff held and still holds an account with Wells Fargo with the Account No. 2000192000709 ("**Account**") for the purpose of effecting remittances between its customers in Ecuador and overseas recipients. In order to effect a transfer in and out of the Account, the Plaintiff would send its instruction via the Society for Worldwide Interbank Financial Telecommunication Network ("**SWIFT Network**") and Wells Fargo would execute the Plaintiff's transfer instructions accordingly;

(c)    The 1st Defendant was and is a limited company incorporated in Hong Kong on 27 December 2013 with a paid up capital of HK$10,000. Its registered address is at Room 2203D, 22nd Floor, Nan Fung Centre, 264-298 Castle Peak Road, Tsuen Wan, New Territories (新界荃灣青山道 264-298 南豐中心 22 樓 2203D 室). Its sole shareholder is one "Cartech Limited" and its sole director is a Chinese citizen named "Chen Jianan (陳建安)";

(d)    The 2nd Defendant was and is a limited company incorporated in Hong Kong on 24 February 2014 with a paid up capital of HK$500,000. Its registered office address is at Room 1003, 10/F, Witty Commercial Building, 1A-1L, Tung Choi Street, Mongkok, Kowloon (九龍旺角通菜街 1A-1L 威達商業大廈 10/F 1003 室). Its sole shareholder and director is a Chinese citizen named "He Jianshi (何健仕)";

(e)    The 4th Defendant was and is a limited company incorporated in Hong Kong on 17 May 2012 with a paid up capital of HK$10,000. Its registered address is at Room B5, 3/F, Good Year Industrial Building, How Ming Street, 119-121, Kwun Tong, Kowloon, Hong Kong. Its sole shareholder and sole director is one "Chen Sheng Rong (陳聖榮)".

2.    In or around January 2015, an unidentified unauthorised computer user ("**Unauthorised User**") accessed the Plaintiff's computer system remotely using the unique log-in information and credentials belonging to one of the Plaintiff's employees.

3.    The Unauthorised User logged on to the SWIFT Network and purported to authorize transactions as the Plaintiff.

2

4.   On diver dates in January 2015, the Unauthorised User fraudulently caused funds to be transferred, without authorization, to various accounts including those owned and/or controlled by the 1st, 2nd and 4th Defendants ("**Defendants**") as set out in Schedule I annexed hereto ("**Unauthorised Transfers**") by way of re-issuing previously cancelled or rejected transactions that remained in the SWIFT outbox but altered the amounts, the beneficiary, and the destination for each of the Unauthorised Transfers.

5.   Therefore, insofar as the 1st Defendant is concerned, between 12 January 2015 and 14 January 2015, a total of US$6,184,984.94 was transferred from the Account to the 1st Defendant without the consent and/or authorisation and/or the knowledge or otherwise permission and/or acquiescence of the Plaintiff ("**1st Sum**").

6.   Therefore, insofar as the 2nd Defendant is concerned, on 12 January 2015, a sum of US$986,256.88 was transferred from the Account to the 2nd Defendant without the consent and/or authorisation and/or the knowledge or otherwise permission and/or acquiescence of the Plaintiff ("**2nd Sum**").

7.   Therefore, insofar as the 4th Defendant is concerned, on 20 January 2015, a sum of US$1,968,230.25 was transferred from the Account to the 4th Defendant without the consent and/or authorisation and/or the knowledge or otherwise permission and/or acquiescence of the Plaintiff ("**4th Sum**").

8.   Up to the date of this Statement of Claim, each of the Defendants has failed to return the 1st, 2nd and/or 4th Sums respectively to the Plaintiff.

9.   By reason of the matters set out above each of the Defendants wrongfully deprived the Plaintiff of the use and possession of the 1st, 2nd and/or 4th Sums respectively and converted the same to their own use and/or retention.

10.  Further and/or alternatively, by reason of the matters set out above, each of the Defendants has therefore been unjustly enriched at the expense of the Plaintiff by virtue of the retention of the 1st, 2nd and/or 4th Sums respectively and the figures pleaded in paragraphs 5 to 7 hereinabove are reasonable sums for which the Plaintiff is entitled to recover by way of money had and received.

11.   Further and/or alternatively, each of the Defendants is liable to the Plaintiff as knowing and/or unconscionable recipients of respectively the 1st, 2nd and/or 4th Sums and/or for dishonestly assisting the Unauthorized User in breach of trust.

<u>PARTICULARS OF ACTUAL/CONSTRUCTIVE KNOWLEDGE AND/OR DISHONESTY</u>

Subject to further discovery and/or interrogatories: -

(a)   There had been no previous business dealings between the Plaintiff and each of the Defendants;

(b)   The 1st, 2nd and/or 4th Sums were transferred to the 1st, 2nd and/or 4th Defendants respectively outside the business hours of the Plaintiff, which is out of line with the usual practice in relevant banking industry;

(c)   Fraud alerts were issued through the SWIFT Network;

(d)   In the circumstances of particulars (a) to (c), failure to make any enquiries with the Plaintiff as to the reason for the transfers into their bank accounts;

(e)   In the circumstances of particulars (a) to (c), failure to make any attempt to repay them to the Plaintiff; and/or

(f)   In the circumstances of particulars (a) to (c), retain and/or subsequently disposed of (if any) of the 1st, 2nd and/or 4th Sums.

12.   By reason of the matters aforesaid, the Plaintiff has suffered loss and damage and the 1st, 2nd and 4th Defendants are accountable to the Plaintiff as constructive trustees of the 1st, 2nd and the 4th Sums respectively.

**AND the Plaintiff claims against the 1st Defendant: -**

(1)   The restitution of the 1st Sum or damages for conversion being US$6,184,984.94;

**AND the Plaintiff claims against the 2nd Defendant: -**

4

(2)    The restitution of the 2nd Sum or damages for conversion being US$986,256.88;

**AND the Plaintiff claims against the 4th Defendant: -**

(3)    The restitution of the 4th Sum or damages for conversion being US$1,968,230.25;

**AND the Plaintiff claims against 1st, 2nd and 4th Defendants: -**

(4)    An account and tracing enquiry in respect of what has become of and the whereabouts of the 1st, 2nd and/or the 4th Sums into whatever traceable monies, properties or assets together with such interest and/or profits which has or shall have been earned thereon ("**Trust Properties**");

(5)    A declaration that so much of the Trust Properties as the Court may assess and/or determine belong to the Plaintiff and that the same is held by the 1st, 2nd and the 4th Defendants on constructive trust and accountable by the said Defendants as the constructive trustee for the Plaintiff;

(6)    An order compelling the 1st, 2nd and the 4th Defendants to pay, deliver or transfer so much of the Trust Properties as are still in their hands as the Plaintiff may direct;

(7)    An order for payment by the 1st, 2nd and the 4th Defendants to the Plaintiff of all monies found to be due to the Plaintiff upon the taking of the accounts and making the said inquiries including interest thereon;

(8)    Furthermore or alternatively, equitable compensation and/or damages to be determined/assessed in respect of the Trust Properties.

(9)    Interest upon any sums recovered, pursuant to Section 48 of the High Court Ordinance (Cap. 4) at such rate and for such period as the Court should deem appropriate;

(10)  Costs; and

5

(11)   Further and/or other relief.

Dated this 28th day of April, 2015.

**ERNEST CY NG**

COUNSEL FOR THE PLAINTIFF

**SQUIRE PATTON BOGGS**

SOLICITORS FOR THE PLAINTIFF

6

## SCHEDULE 1

| SWIFT value date | SWIFT reference | Account name | Account no. | Amount (US$) | Bank |
|---|---|---|---|---|---|
| 12.1.2015 | 150112185203108C | Regal Prosper Trading Limited | 2838 | 1,424,638.06 | HSBC |
| 12.1.2015 | 150112191227108C | Mester Trading Corporation Co., Limited | 8838 | 986,256.88 | HSBC |
| 13.1.2015 | CAMGYE1501132050 | Regal Prosper Trading Limited | 2838 | 663,297.31 | HSBC |
| 13.1.2015 | 1501131842201430 | Regal Prosper Trading Limited | 2838 | 1,236,578.45 | HSBC |
| 14.1.2015 | 1501142514368542 | Regal Prosper Trading Limited | 2838 | 1,485,230.89 | HSBC |
| 14.1.2015 | 1501141844201458 | Regal Prosper Trading Limited | 2838 | 1,375,240.23 | HSBC |
| 16.1.2015 | CAMGYE1501160052 | JGM Asia Telecom Limited | 3883 | 95,731.18 | Hang Seng Bank |
| 20.1.2015 | GYE 2015012015263 | Jiushun Group Co., Limited | 9838 | 1,968,230.25 | HSBC |

7



**BANCO DEL AUSTRO**

www.bancodelaustro.com

Matriz Cuenca
Sucre y Borrero esq.
Telf: (593 7) 2842511
Telex: 048560
Fax: (593 7) 2831067
Casilla 01.01.0167
Cable BANAUS

## STATEMENT OF TRUTH

I, Guillermo Talbot, Chief Executive Officer of the Plaintiff, believe that the facts stated in this Statement of Claim are true.

April 28, 2015

Name: Guillermo Talbot
Position: General Manager of Banco del Austro, S.A.

HCA 477/2015

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
ACTION NO. 477 OF 2015

————————

BETWEEN

| | |
|---|---|
| BANCO DEL AUSTRO, S.A. | Plaintiff |

and

| | |
|---|---|
| REGAL PROSPER TRADING LIMITED | 1st Defendant |
| MESTER TRADING CORPORATION CO., LIMITED | 2nd Defendant |
| JGM ASIA TELECOM LIMITED | 3rd Defendant (Discontinued) |
| JIUSHUN GROUP CO., LIMITED | 4th Defendant |

————————

**STATEMENT OF CLAIM**

————————

Dated this 28th day of April 2015
Filed this 12th day of May 2015

**SQUIRE PATTON BOGGS**
Solicitors for the Plaintiff
29th Floor, Edinburgh Tower
The Landmark
15 Queen's Road Central
Central, Hong Kong
Tel: (852) 2509 9977
Fax: (852) 2509 9772

Our Ref: NC/CL/113826.00001

8