**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| IN RE: APPLICATION OF<br>BANCO DEL AUSTRO, S.A. | Case No. 15-MC-22249<br>LENARD/GOODMAN |

**BANCOLOMBIA PUERTO RICO INTERNATIONAL, INC.'S
OPPOSITION TO MOTION TO COMPEL DISCOVERY
AND MOTION TO QUASH SUBPOENA**

TO THE HONORABLE COURT:

COMES NOW Bancolombia Puerto Rico International, Inc. ("BPRI"), specially appearing without voluntarily submitting to the jurisdiction of this Court, through the undersigned attorneys, and very respectfully submits its opposition to Banco del Austro, S.A.'s ("Banco del Austro" or "BA") motion to compel discovery (Dkt No. 7) and moves for an order to quash the subpoena.

I. Introduction

Banco del Austro's motion to compel discovery from BPRI is a clear misuse and abuse of the discovery powers granted under 28 U.S.C. § 1782, as well as the subpoena power of this Court. Banco del Austro served a subpoena on BPRI, which BA readily recognizes neither resides nor is found within this District, for the explicit purpose of obtaining discovery which is not even under BPRI's custody or control. What Banco del Austro seeks are documents and information from Bancolombia, S.A., an affiliate of BPRI which located in the Republic of Colombia; that is, it seeks documents that are not even located within the United States. Such application of § 1782 runs contrary to the clear language of the statute, as well as interpreting case law,

and should not be condoned by this Court. Thus, BPRI opposes Banco del Austro's Motion to Compel and further moves for an order quashing the subpoena improperly served upon BPRI, for the reasons discussed below.

II.  Argument

On June 15, 2015, Banco del Austro filed this proceeding seeking discovery assistance related to a pending litigation in Hong Kong. (Dkt No.1). In said application, Banco del Austro included a rather extensive list of entities from which it intended to seek very specific discovery. BPRI is neither mentioned as an entity from which it sought discovery nor included BPRI as a party to the proceeding. On June 30, 2015, this Court issued an *ex-parte* order granting Banco del Austro's application for discovery assistance. (Dkt No. 5). The Order, however, allows Banco del Austro to seek discovery beyond its original application, by explicitly authorizing BA "to issue additional subpoenas for the production of documentary evidence or for the deposition of any individual or entity with information that may be relevant to the Hong Kong Litigation." (Dkt No. 5 at p. 6). It is on this language that Banco del Austro bases its authority to issue the improper subpoena directed at BPRI.

Nevertheless, the subpoena was improperly issued and is an abuse of § 1782 and this Court's subpoena power. Firstly, this Court lacks jurisdiction over BPRI. *In re Application of Inversiones y Gasolinera Petroleos Venezuela, S. de R.L.*, 2011 WL 181311, at *6 (S.D. Fla. January 19, 2011) (When discovery assistance is sought for proceedings in a foreign tribunal "this court must first determine whether it has jurisdiction to consider [the] Application pursuant to 28 U.S.C. § 1782"). The application of § 1782 is limited to persons or entities which either reside or are found within this

District.  Section 1782 states that "[t]he **district court of the district in which a person resides or is found** may order him . . . to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a) (Emphasis added).  By Banco del Austro's own admission, BPRI neither resides nor is found within the Southern District of Florida for the purposes of § 1782.  BPRI "does not have an office, agent or sales force in Florida." (Dkt No. 7 at p. 4).  For purposes of § 1782, a corporate entity resides or is found where it is incorporated or is headquartered.  *See, e.g., In re: Godfrey*, 526 F.Supp.2d 417, 422 (S.D.N.Y. 2007) (quashing a subpoena in part because petitioners failed to establish that a respondent corporation was "found" in a district for Section 1782 purposes when it was neither headquartered nor incorporated there).  BPRI is organized and maintains its only office in San Juan, Puerto Rico.

Because it cannot establish that BPRI resides or is found in the Southern District of Florida, Banco del Austro relies on a weak argument that BPRI is subject to jurisdiction because it has "conducted substantial business through agreements with the Miami agency of Bancolombia S.A." (Dkt No. 7 at p. 4).  "[I]f a corporation's place of incorporation or headquarters is outside of the district, the applicant must establish that the corporation undertakes 'systematic and continuous local activities' in order for the corporation to be found there for the purposes of section 1782." *In re Application of Inversiones y Gasolinera Petroleos Venezuela, S. de R.L.*, 2011 WL 181311, at *7 (S.D. Fla. Jan. 19, 2011).  Banco del Austro's sole basis for establishing "systematic and continuous local activities" within this District is that in 2013 (two years before BA field its application or issued its subpoena), BPRI "was transferred the collection rights of FIVE (5) impaired loans from the Miami Agency of BANCOLOMBIA S.A. … [and]

- 3 -

subsequently began collecting in these loans that originated within the forum of this Court and purposefully availed itself of personal jurisdiction of this Court." (Dkt No. 7 at p. 4). This one-time transaction is simply insufficient. *Cf. Estate of Ungar v. Palestinian Authority*, 400 F.Supp.2d 541, 551-552 (S.D.N.Y. 2005) (Finding no continuous and systematic jurisdictional contacts even when the respondent had acquired lines of credit and funding, had attended business conferences, regularly acquired goods and services, had contracts with local companies, and gave charitable donations within the district).

That two years before BPRI was assigned the collection rights to a handful of loans and actually collected some of the debt is not sufficient to constitute "substantial and continuous local activities" within this District.  More so when Banco del Austro offers nothing to establish that such loans were issued to entities located in this District or that BPRI took any legal action within the Florida Courts to collect on those loans, such that it could be subject to jurisdiction in southern Florida.  Because there is no basis to establish that BPRI resides, is found, or has conducted "systematic and continuous local activities" that would subject it to jurisdiction in the Southern District of Florida, Banco del Austro did not have authority to issue a subpoena directed to BPRI within this proceeding and this Court does not have jurisdiction to compel BPRI to produce the documents and information requested by BA.

Second, even assuming BPRI can be said to reside or be found within this District, Banco del Austro's subpoena does not even seek any documents or information from BPRI.  The subpoena and motion seek that BPRI produce documents which are allegedly held by its foreign affiliate, Bancolombia.  Bancolombia is a bank

organized and operating in the Republic of Colombia. Bancolombia is a separate and independent legal entity from BPRI. BPRI maintains separate records and operations from Bancolombia. BPRI simply does not have access to records of clients maintained by Bancolombia in Colombia. Courts have long recognized that affiliates are separate legal entities for discovery purposes. *See Kestrel Coal Pty. Ltd. v. Joy Glob., Inc.*, 362 F.3d 401, 405 (7th Cir. 2004) ("Legal distinctions between corporations and their investors (even owners of 100% of the stock are just investors, are embedded in both statute and common law. Section 1782(a) itself neither instructs, nor permits, courts to disregard the distinction between the corporation that owns a set of documents, and a different corporation that owns stock in the first entity." (citations omitted)); *In re Godfrey*, 526 F. Supp. 2d at 420 (recognizing that respondent and its corporate affiliate were separate legal entities for the purposes of Section 1782); *Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*, 384 F. Supp. 2d 45, 57 (D.D.C. 2005) ("If the courts are unwilling to direct a parent company to retrieve documents from a subsidiary which it owns, it is even less reasonable to find that a subsidiary is in a position to retrieve documents held by the parent company"). Moreover, Banco del Austro does not argue or even suggest that a piercing of the corporate veil could be merited or that BPRI and Bancolombia are attempting to perpetrate some sort of fraud by adhering to the corporate structure. *See Norex Petroleum Ltd.*, 384 F.Supp.2d at 57. The only reason Banco del Austro seek a production from BPRI, albeit improperly, is because it is more convenient for BA and because Bancolombia is simply beyond the jurisdiction of this Court. (Dkt No. 7 at p. 7). It is improper for Banco del Austro to use § 1782 to seek

discovery from an entity different to that served by subpoena, particularly so when the intended target is not subject to jurisdiction anywhere in the United States.

Third, BPRI does not have "possession, custody or control" over the documents requested by Banco del Austro. Section 1782 applications are generally governed by the Federal Rules of Procedure. *Kestrel Coal Pty. Ltd.*, 362 F.3d at 404. In this proceeding, Banco del Austro's subpoena to BPRI is governed by Rule 45, which limits the scope of subpoenas to documents which are "in the possession, custody, or control" of the person to whom the subpoena issued. Fed. R. Civ. P. 45(a)(1)(A)(iii). BA has the burden of establishing that BPRI has "control" over documents held by its foreign affiliate Bancolombia. *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 473 n.2 (S.D. Fla. 2011) (*citing U.S. v. Int'l Union of Petroleum and Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)). Moreover, "where Plaintiff seeks evidence from entities who are neither parties to the pending case nor otherwise subject to the Court's jurisdiction, Plaintiff may not employ the Federal Rules of Civil Procedure. Thus, to the extent that the Court deems Plaintiff's subpoena requests to be appropriate, the Hague Convention sets forth the applicable manner of proceeding." *Calixto v. Watson Bowman Acme Corp.*, 2009 WL 3823390, at *18 (S.D. Fla. Nov. 16, 2009); *see also Kestrel*, 362 F.3d at 404 (denying a request for production of documents pursuant to Section 1782 because, among other reasons, the documents were "in custody of [the respondent's] subsidiaries, which [were] not parties to [the] proceeding under § 1782").

Moreover, Banco del Austro has not met its burden of establishing that BPRI has control over the requested information. Courts have held that "where the litigating corporation is the subsidiary and the parent possesses the records, control has been

found to exist where the 'alter ego' doctrine warranted piercing the corporate veil, and the subsidiary was an agent of the parent in the transaction giving rise to the suit and in litigating the suit on the parent's behalf."  *Norex*, 384 F. Supp. 2d at 57 (*citing Gerling v. Commissioner of Internal Revenue*, 839 F.2d 131, 140 (3d Cir.1988)) (internal quotations marks omitted).  Although BPRI is not a subsidiary of Bancolombia, their relationship as affiliates merits application of the same standard.  In the instant case, Banco del Austro does not suggest that: (1) piercing the corporate veil between BPRI and Bancolombia, a Colombian entity, would be merited; (2) that BPRI is "attempting to perpetrate any manner of fraud, either in its adherence to corporate structure or indeed in hiding documents beyond a subpoena's likely reach," *Norex*, 384 F. Supp. 2d at 47; or (3) that BPRI was an agent of Bancolombia in any transaction that ultimately led to the fraudulently obtained funds being transferred to Compañía Andina de Inversiones' account with Bancolombia.

Fourth, the information and documents requested by Banco del Austro are located in Colombia; i.e. outside the United States. (Dkt No. 7 at p. 7).  An expansive body of case law and § 1782's legislative history strongly suggest that a proceeding under § 1782 should not be used to obtain discovery outside the United States.  *See In re Sarrio, S.A.*, 119 F.3d 143, 147 (2d Cir. 1997) (Although "on its face, § 1782 does not limit its discovery power to documents located in the United States . . . there is reason to think that Congress intended to reach only evidence located within the United States"); *In re Thai-Lao Lignite*, 821 F. Supp. 2d at 297-98 (holding that "the location of . . . information [outside the United States] militates against granting [Section 1782 discovery] petition[s]."); *In re* Godfrey, 526 F. Supp. 2d at 423 ("[F]or purposes of §

1782(a), a witness cannot be compelled to produce documents located outside of the United States."); *Norex*, 384 F. Supp. 2 at 55 (Case law "suggest[s] that [the] extraterritorial application of § 1782 would not be in keeping with the aims of the statute, and indeed that documents held outside the United States are beyond the statute's intended reach."); Hans Smit, *American Assistance to Litigation in Foreign and International Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited*, 25 SYRACUSE J. INT'L L. & COM. 1, 11 (1998) (opposing the extraterritorial application of Section 1782 and averring that the use of Section 1782 to obtain evidence located outside of the United States could turn U.S. courts into "clearing houses for information from courts and litigants all over the world in search of evidence to be obtained all over the world").

And finally, Banco del Austro's request for documents from Bancolombia could be interpreted as an attempt to circumvent Colombian banking and privacy laws which may prevent them from disclosing such documents.  *In re Thai-Toa Lignite*, 281 F. Supp. 2d at 293 (When determining whether to grant a Section 1782 discovery application, "a court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." (*quoting Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)).  Bancolombia may be subject to Colombian laws or regulations which would preclude it from disclosing documents or information related to its customers.  By seeking the production from an affiliate in Puerto Rico instead of directly from Bancolombia, Banco del Austro may be attempting to circumvent this limitation on the production of such documents.

III. Conclusion

For the foregoing reasons, the subpoena issued to BPRI was improper under § 1782 as it is directed to a party that does not reside and is not found within this district; seeks documents which are not under the custody control or possession of BPRI, but rather are under the control of a foreign affiliate; seek the production of documents which are located outside the United States; and may also be an attempt to circumvent Colombian banking and privacy laws.  Thus, the Court should deny Banco del Austro's Motion to Compel and instead issue and order quashing the subpoena imp[roperly served on BPRI.

WHEREFORE, for the foregoing reasons, BPRI requests that Banco del Austro's motion to compel discovery (Dkt No. 7) be denied and that the Court issue an order quashing the subpoena improperly served upon BPRI.

Respectfully Submitted

WE HEREBY CERTIFY that on this date we filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice electronically to all counsel of record.

In San Juan, Puerto Rico, this 5th day of January 2016.

>McCONNELL VALDÉS LLC
>PO Box 364225
>San Juan, PR 00936-4225
>T. 787.250.5637
>F. 787.620-8325
>www.mcvpr.com
>
>By: s/ Alejandro J. Cepeda-Díaz
>Alejandro J. Cepeda-Díaz
>USDC-SDFL No. 25126
>ajc@mcvpr.com

*Attorneys for Bancolombia Puerto Rico International, Inc.*